Filed 6/10/15  P. v. Hardy CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AMELIA HARDY,<br><br>    Defendant and Appellant. | D066997<br><br><br><br>(Super. Ct. No. SCD239663) |

APPEAL from an order of the Superior Court of San Diego County, Desiree Bruce-Lyle, Judge.  Affirmed.


Patricia Ihara, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Amelia Hardy appeals from a postjudgment order revoking mandatory supervision following a contested hearing.  (Pen. Code, § 1203.2.)  Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for

error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Hardy has not

responded to our invitation to file a supplemental brief. After having independently

reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S.

738 (*Anders*) and *Wende*, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Following a plea of guilty to aiding and abetting the sale of a controlled substance

to an undercover police officer (Health & Saf. Code, § 11379, subd. (a)), Hardy received

a split sentence of two years in local custody and two years mandatory supervision. After

release from local custody and while on mandatory supervision, based on multiple

incidents in May 2014[2] and July 2014, at separate hearings the court found that Hardy

violated the terms of her mandatory supervision during both time periods. Only the July

2014 violations, which were the subject of an evidentiary hearing in September 2014, are

before us in this appeal.

At the September 2014, hearing, based on evidence presented by the People, the

court found that Hardy had violated the terms of her mandatory supervision in two

regards during July 2014: (1) Hardy had not complied with the rules of the residential

---

1     On our own motion, we take judicial notice of our prior opinion in *People v. Hardy* (Feb. 11, 2014, D064225) [nonpub. opn.]. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a); *Cuccia v. Superior Court* (2007) 153 Cal.App.4th 347, 350, fn. 2.)

2     On April 12, 2014, Hardy left her sober living program without permission and spent the night at her daughter's house in violation of the conditions of her mandatory supervision. On May 1, 2014, the court formally revoked mandatory supervision and following an evidentiary hearing on May 22, 2014, ordered Hardy to take her psychotropic medications and to serve 120 days in local custody. By mid-June, Hardy was released from custody and again placed in a sober living transitional program.

treatment facility at which she lived, by leaving twice without permission; and (2) Hardy had failed to take the psychotropic medications prescribed by a medical doctor and ordered by the court. The court revoked mandatory supervision and then reinstated it on the original terms and conditions with the modification that Hardy serve 136 days in custody.

Hardy timely appealed.

## II.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal, instead inviting this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436.

Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified as possible but not arguable issues (1) whether the 136 days of custody ordered by the court are statutorily authorized; (2) whether substantial admissible evidence supports the findings that Hardy left the residential treatment facility in violation of its rules, and that Hardy was not taking the previously prescribed and ordered medications; and (3) whether the court properly calculated Hardy's credits.

After we received counsel's brief, we gave Hardy an opportunity to file a supplemental brief, but she did not respond.

We have reviewed the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, and have considered the issues suggested by counsel, but

3

have discerned no reasonably arguable appellate issue.  Hardy has been adequately represented by counsel on this appeal.

DISPOSITION

The order is affirmed.


IRION, J.

WE CONCUR:


BENKE, Acting P. J.


HUFFMAN, J.

4